IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

_____

| | |
|---|---|
| MICHELLE PALMERI § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. _____ |
| § | JURY DEMANDED |
| GOODWILL INDUSTRIES § | |
| Of MIDDLE TENNESSEE § | |
| § | |
| § | |
| Defendant. § | |

## COMPLAINT

COMES THE PLAINTIFF, **MICHELLE PALMERI**, filing this Complaint against **GOODWILL INDUSTRIES OF MIDDLE TENNESSEE.** She shows:

### I. <u>PARTIES, JURISDICTION, AND VENUE</u>

1. Plaintiff, MICHELLE PALMERI, is a citizen and resident of Lexington, Tennessee.

2. Defendant, **GOODWILL INDUSTRIES OF MIDDLE TENNESSEE,** is an employer of greater than fifteen (15) persons, including Plaintiff. It is located in Nashville, Tennessee at 1015 Herman St.,

Nashville, Tennessee 37208, where Plaintiff served as the District manager.

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and Title VII of the Civil Rights Act, 42 U.S.C. §2000e. et. seq. The Court has supplemental jurisdiction under 28 U.S.C §1367 over Plaintiff's state law claim under the Tennessee Human Rights Act (THRA, at T.C.A. §4-21-101 et. seq.)

4. Venue in this Middle District of Tennessee is proper pursuant to 28 U.S.C. 1391, because the Defendant was either doing business in this district or resides in this judicial district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

5. Plaintiff has exhausted administrative prerequisites. She timely filed a charge of discrimination with the EEOC. The EEOC provided Plaintiff a Notice of Right to Sue dated February 28, 2017. Accordingly, this action is timely commenced within the requisite ninety (90) days of her receipt.

## II. FACTUAL BASES FOR SUIT

6. Defendant hired Palmeri, a female, to work as the District Manager. She worked for Defendant for approximately twelve (12) years.

7. Palmeri was a fine performer, being one of the highest ranked in the company in terms of performance growth. Palmeri did not receive any negative reviews.

8. Palmeri supervised nine stores across Middle and West Tennessee. Substantial driving was required in her position.

9. In August of 2015, Palmeri was suspended, then terminated, for allegedly making mileage errors. This was a pre-text for discrimination. Palmeri was held to a disciplinary standard which similarly situated males in her position simply were not held. In fact, males were known to *purposefully* fudge mileage and it was accepted without termination of employment.

10. Additionally, Palmeri, as a female district manager (one of few females in Tennessee) was paid less than similarly situated district managers who were male. Upon information and belief, she was paid less than some store managers who were male.

11. The termination of her employment because of sex, and the differential pay because of her sex, was hurtful to Palmeri. She suffered emotional and financial distress due to the sex discrimination.

12. Plaintiff seeks her lost wages along with the emotional damages. She seeks the pay differential to similarly situated males, along with liquidated damages. She seeks punitive damages for the intentional deprivation of her federally protected rights. And she seeks her reasonable attorneys fees and her costs.

### III. **CAUSES OF ACTION**

13. Plaintiff brings the following causes of action against Defendant:

    A. **Title VII and THRA: Sex Discrimination in Termination and Pay**
    B. **Equal Pay Act: Unequal Pay to Similarly Situated Males.**

14. Plaintiff demands a jury.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 023515)
200 W. Martin Luther King Blvd., Suite 1067
Chattanooga, TN 37402

ATTORNEYS FOR PLAINTIFF